Dear Mr. LaRocca:
We received your request for an opinion on behalf of Hospital Service District Number 2 of St. Mary Parish. The District is considering entering into a contract for medical services with a physician. The contract provides that the District pay moving expenses up to $10,000. The District will pay "start up" expenses for the physician's practice up to $130,200. Additionally, the District will guarantee the physician a gross income of $664,000 over a 27 month period. This figure includes the physician's salary of $375,000 per year, all staff salaries and professional fees, advertising expenses, supplies, building rental, utilities, and malpractice insurance. At the conclusion of the 27 month guaranteed period, the physician will remain in active practice within the District's area for an additional 36 months. If the physician does not stay on at the conclusion of the 27 month period, he must re-pay all advances made by the District. You question if the amount of the contract is excessive.
La.R.S. 46:1077 provides that the Board of Commissioners of a hospital service district may contract with or engage in a joint venture with any person, corporation, partnership, or group of persons to offer, provide, promote, establish, or sell any hospital health service. It is therefore clear that a hospital service district has very broad powers to contract for any hospital health service, i.e., a physician. La.R.S. 46:1071
specifically states that this power is granted because a hospital service district is at a disadvantage in today's highly competitive health care market.
In light of the above, it is clear that the contract between Hospital Service District Number 2 of St. Mary Parish and the physician is in furtherance of the broad legislative purpose and power conferred in La.R.S. 46:1071 and La.R.S. 46:1077. However, the contract must be considered in light of Article 7, Section 14 of the Louisiana Constitution which prohibits the state or any of its political subdivisions from loaning, pledging, or donating the funds, credit, property, or things of value of the state or any of its political subdivision to or for any person, association, or corporation, public or private. Our jurisprudence dictates that Article 7, Section 14 is violated any time the state or one of its political subdivisions seeks to give up something of value when it is under no obligation to do so. Cityof Port Allen v. La. Municipal Risk Agency, 439 So.2d 399 (La. 1983). Our office has recognized that payments for services rendered do not violate Article 7, Section 14, but the payments must be commensurate with the services rendered. See Attorney General Opinion 92-389.
The contract at issue guarantees a gross income of $664,000 over a 27 month period. In consideration of this contract, the physician agrees to maintain his medical practice in Morgan City during this 27 month period and further agrees to continue his practice there for an additional 36 months. If the physician fails to do so, he must re-pay the advances made by the District. Our office is not in a position to determine whether or not the figure contained in the contract is in fact a reasonable amount for the services rendered. We cannot determine if the payment to the physician is commensurate with the services provided. We recommend that the District seek guidance from someone within the medical profession for such a determination.
If you have any further questions or comments, please do not hesitate to contact our office.
With kindest regards,
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ TINA VICARI GRANT Assistant Attorney General
RPI/TVG:crt